# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DOROTHY LORRAINE HARRIS,

    Petitioner,

vs.                                     Case No. 4:10cv421-MP/WCS

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

    This cause was initiated by the filing of a pro se petition filed pursuant to 28 U.S.C. § 2241. Doc. 1. Identified on page one of the petition is "lower tribunal" case number 16-2008-15449-AXXX, and appellate case number 1D09-2148. The petition was forwarded to this court with a cover letter from the Clerk of the Florida First District Court of Appeal. Doc. 1-1. In Harris v. State, 34 So.2d 187 (Fla. 1st DCA 2010), the appellate court reversed and remanded for a new trial without specifying a time limit. According to the docket in that case, 1D09-2148 (available at www.1dca.org), the mandate issued on May 24, 2010. The trial court docket is unavailable to this court.

    I entered an order noting that the petition might not have been intended for filing in this court or might be moot, and directed that – if she wished to proceed here –

Petitioner either pay the filing fee or file a motion to proceed in forma pauperis. Doc. 3 (incorporated by reference). When Petitioner did not timely comply it was recommended that the case be dismissed, but shortly thereafter a motion to proceed in forma pauperis was filed along with Petitioner's letter, construed as a motion for reconsideration. Docs. 4-6.

Reconsideration was granted, and the recommendation of dismissal was vacated. Doc. 4. My order (entered the same day) granting the motion to proceed in forma pauperis provided:

> As noted in the order of November 5, 2010 (doc. 3), and indicated by both the attachments to the current motion (doc. 5) as well as Petitioner's new address in Alabama, it appears the § 2241 petition should be dismissed. Petitioner shall have until February 11, 2011, to file a response to this order, indicating the status of the proceedings in the state court and setting forth any argument why the petition should not be dismissed. She shall also include copies of any orders received from the state court after the date the § 2241 petition was filed.

Doc. 7.

Petitioner wrote a letter. Doc. 9. She apparently thought that by granting reconsideration and the motion to proceed in forma pauperis, the court granted relief on her habeas petition. Attached to the letter is a copy of the docket in her Duval County case, number 2008-CF-16531-AXXX, for conspiracy to traffic in controlled substances. The docket shows that the mandate was filed in the trial court on May 26, 2010. After that date the docket reflects, *inter alia*,[1] that a number of status and pretrial conferences

---

[1] There are multiple entries of "jury trial held," on June 28, July 6, July 29, August 12, October 28, and December 30, 2010, and on January 20 and 31, 2011. That entry appears simultaneously with other entries, and may be a notation automatically generated (for example, in criminal cases where a jury trial was held or demanded). Multiple jury trials are not held in one case on one same charge as to one defendant,

were held. It reflects a defense motion for continuance was filed and granted on August 12, 2010, that Petitioner was permitted to withdraw the not guilty plea and enter a guilty plea on October 28, 2010, and failed to appear for sentencing on December 30, 2010. The last activity on the copy of the docket supplied was entered on February 1, 2011.

The letter motion was denied. Doc. 10. Petitioner was advised that her petition had not been granted, and that she had not yet submitted argument to show her petition should not be summarily dismissed. *Id.* Doc. 10.

Petitioner sent a letter, and then (following receipt of the order) a document titled "argument." Docs. 16 and 17. She asserts that the trial court had 90 days to retry her starting from the mandate on May 24, 2010, and that the time has passed although she never waived (or authorized waiver) of the time period. Doc. 16, pp. 1-2; doc. 17, p. 2. She asserts that her Public Defender, Kimberly Sader, has not been helpful in proving her innocence, preparing for trial, or building a defense. Doc. 16, p. 2. She claims that she was arrested falsely and only higher courts follow the law. *Id.*, pp. 2-3. Petitioner argues that arrest was improper as it is not illegal to traffic in a Schedule III drug and so it cannot be illegal to conspire to do so. Doc. 17, p. 2.

Petitioner was granted bond in August of 2010, and claims her time on release was spent constructively, being around her children, having a job, and being involved in church and outreach out to inmates and families. Doc. 16, p. 3; doc. 17, p. 2. She was apparently returned to confinement on February 1 or 2, 2011. Doc. 9 (incarcerated at the Duval County Jail on February 2, 2011); Doc. 17, p. 3 (February 1, 2011, was the

---

absent mistrial, reversal, or some other event. Indeed, here the complaint is that trial was not held following remand.

Case No. 4:10cv421-MP/WCS

day her bond was surrendered, presumably based on the failure to appear for sentencing). Petitioner seeks relief from cases 16-2008-CF-15449AXXX (the case number provided on p. 1 of the petition) and 16-2008-CF-16531-AXXX (the case number at issue in the appeal and for which a copy of the trial court docket was supplied by Petitioner), claiming that the longer she is confined the harder it is to pick up the pieces of her life. Doc. 16, p. 4; doc. 17, p. 1.

Aside from any apparent confusion as to the case numbers, and whether lower court case 16-2008-CF-15449-AXXX was also at issue in appeal number 1D09-2148, Petitioner is not entitled to any relief in this court.

It is unknown whether by this time Petitioner has been sentenced in the state court case. If no judgment has yet been entered then the petition properly proceeds under § 2241 (rather than § 2254),[2] but she is not entitled to relief. "[H]abeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) (citation omitted), Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987) (*quoting* Braden); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985) ("absent special and unique circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges.") (citing Braden, other citation omitted). Petitioner does not seek an order

---

[2] *See* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-62 and nn. 3 and 4 (11th Cir. 2004), *cert. denied*, 125 S.Ct. 881 (2005) (pretrial § 2254 petition would be treated as filed pursuant to § 2241 where exhaustion requirement was satisfied) (citations omitted).

compelling the state court to act more quickly to convict or sentence her, but to litigate challenges to the state court charges and timeliness of state court action following remand. This she cannot do. *See* Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976) (attempt to dismiss charges or prevent prosecution is not permitted while attempt to force state to hold speedy trial may be permitted in habeas proceeding), *quoted in* Dickerson, 816 F.2d at 226.

Further, if Petitioner entered a guilty plea, did not appear for sentencing, and was returned to jail custody around February 1, 2011, she may well have been sentenced by now. If so she is in custody pursuant to a state court judgment, and the petition should proceed under § 2254 rather than § 2241. Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (§ 2254 creates restrictions on the authority to grant habeas corpus relief to petitioner in custody of a state court judgment).

Dismissal will be without prejudice. Petitioner is advised that once judgment has been entered, and following complete exhaustion of available state court remedies,[3] she may file a § 2254 petition on the ground that she is in custody in violation of the laws or Constitution of the United States. She is advised that a § 2254 petition challenging a conviction or sentence imposed in Duval County is most appropriately filed in the Middle

---

[3] In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

District, and that there is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1).[4]

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED** without prejudice to the filing of a § 2254 petition following entry of judgment in state court and exhaustion of state court remedies.

**IN CHAMBERS** at Tallahassee, Florida, on April 21, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[4] With some exceptions, see § 2244(d)(1)(B) - (D), a petition must be filed within one year from the conclusion of direct review or expiration of the time for seeking such review. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year period, however. § 2244(d)(2). See also Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002) (explaining that "a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").